TOWN OF LOUISVILLE, Appellant, v. TOWN OF MADRID, Respondent. (Supreme Court, Appellate Division, Third Department. November 16, 1900.) Application for the laying out of a highway between the towns of Louisville and Madrid. From an order of the county judge, vacating and setting aside an order appointing commissioners to determine

the need and propriety of laying out the highway, and setting aside the report of such commissioners, determining that such highway should be laid out, the town of Louisville appeals. Affirmed. Charles A. Kellogg, for appellant. Ledyard P. Hale, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

KELLOGG, J. (dissenting). The county judge seems to have made the order vacating and setting aside the order appointing commissioners on the ground that the statute does not authorize the appointment of commissioners where the highway commissioners fail to agree touching the need of a highway along the line between two towns, though the statute does authorize such appointment when the highway commissioners disagree as to the need of a highway running across the town line. The sound reasons for such a distinction are not obvious. The effect of such a distinction is to in a measure cripple the highway law, and make relief from the disagreement of two towns' officers impossible. I cannot believe that such was the intention of the legislature. The legislature undoubtedly had in mind the conflicting interests of two adjoining towns in the matter of highways affecting each, and the burden to be borne by each, and rightly concluded that justice required, when these conflicting interests could not be properly settled by the officer of each town having the matter of highways in charge, that some disinterested persons should be named to settle the dispute. That this was the intention of the legislature may be read all through the highway law. It is conceded by the respondent here that this intention is made manifest where a proposed highway crosses the town line, or the highway "extends into both towns," or where the "commissioners of a town shall desire to make a new or altered highway running into two towns," or "shall desire to make a new or altered highway extending beyond the bounds of such towns"; but the learned counsel for respondent contends that no such intention is apparent where the highway is to be "upon the line between two or more towns." This distinction certainly does not rest upon any peculiar regard which the legislature could have had for a town line, for it provides that a highway may be laid out along a town line, as well as elsewhere. · It is quite impossible to discover any reason for any distinction in the legislative intention. The attention of this court is called, however, to two general term decisions,—one holding that no commissioners could be appointed by the county court when the disagreement of highway commissioners was over the laying out of a highway along a town line, and the other holding exactly the contrary. The decision first above mentioned was made in 1883, and is found in 31 Hun, 87. An opinion by Bockes, J., not reported, is presented here. Whether the entire court concurred in that opinion does not appear. The other decision was made in 1884, and is reported in full, with opinion by Dwight, J., in 15 N. Y. Supp. 29. The law is practically now as it was then, and it is plain that the conclusion reached by Mr. Justice Dwight is quite in con-

sonance with the apparent legislative intent, and does no violence to rules governing statutory construction. He very pertinently says: "The construction adopted does no great violence to the language of section 72, p. 516, 1 Rev. St. A road may without much impropriety be described as extending into both towns when it lies partly in each, though the extension into either may be lateral, or for short distances alternately, rather than continuous in the direction of the general course of the road." I think the right construction was made of this highway law by the decision last above referred to, and the county court has power in such cases to appoint commissioners, and the commissioners so appointed have power, subject to review, to settle the disagreement of the two town officers. The respondent also claims that the subject of laying out this highway is res adjudicata for the reason that a like application was made in 1883, and by the judgment of the general term of this court the order of the county court confirming the report of commissioners in favor of laying it out was reversed. This contention does not appear to me to have much weight. What may have been in 1883 improper, as not needed, may now be eminently proper and necessary to serve a public use. There is nothing in the subject-matter so determined which could make it res adjudicata. The only limitation upon such applications is made by the highway law itself. Section 89 (Laws 1890, c. 568) provides that, "if the final decision shall be adverse to the applicant, no other application for laying out, altering, or discontinuing the same highway shall be made within two years." The construction placed by Mr. Justice Bockes upon the statute in that decision has no more force in its application to this locus in quo than to any other highway in the state. The fact that one of the commissioners appointed in this case acted 17 years ago as commissioner, and reported in favor of laying out this identical road, does not necessarily disqualify him. If he was for such reason or for any other reason objectionable, the respondent should have moved the county court at once to remove him. That was the proper tribunal in which to have the matter passed upon. Objection before the commissioners could not avail, because they could not pass upon it. It was too late to urge this objection after hearing and taking chances of a favorable report. Little is urged on this appeal besides questions of law. Our attention is not seriously called to any error of the commissioners, and nothing is pointed out which seems to require that the report be set aside on its merits. The order of the county court should be reversed, with costs, and the report of the commissioners confirmed.